

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

2017 OCT 11  PM 3: 09

| | |
|---|---|
| LONG TRAIL BREWING COMPANY,   )<br>           Plaintiff,   )<br>                                    )<br>v.                               )<br>                                    )<br>BORN INTO IT, INC. d/b/a   )<br>           Chowdaheadz ,   )<br>                                    )<br>           Defendant.   ) | BY<br><br>Civil Action No. 2:17-cv-195<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Long Trail Brewing Company ("Long Trail"), for its Complaint against the Defendant, Born Into It, Inc. d/b/a Chowdaheadz ("Chowdaheadz"), alleges and states:

### PARTIES AND JURISDICTION

1. Plaintiff, Long Trail Brewing Company is a corporation duly formed and existing under the laws of the State of Vermont and having its principal place of business in Bridgewater Corners, Vermont.

2. Upon information and belief, Defendant, Born Into It, Inc. is a corporation formed and existing under the laws of the State of Massachusetts and having its principal place of business at 35B Industrial Parkway, Woburn, Massachusetts.

3. Upon information and belief, Born Into It, Inc. does business under the name Chowdaheadz.

4. This Court has jurisdiction of the subject matter pursuant to 15 U.S.C. § 1121; 28 U.S.C. §§ 1331 and 1338(a) and (b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367, in that it arises under the trademark laws of the United States and the law of unfair competition and is brought pursuant to Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1)

and 1125(a), and the common law of trademark infringement, unfair competition and deceptive trade practices.

5. This Court has personal jurisdiction over Chowdaheadz because it conducts business within this judicial district, including the advertising and sale of its products through the Internet to Vermont residents.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Chowdaheadz resides in this district, transacts business in this district, and a substantial part of the acts giving rise to the claim occurred in this district. Venue also is proper because Long Trail has suffered harm in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Long Trail is, and it has been since it was founded in 1989, engaged in the business of selling a variety of high-quality products including beer, apparel, food and other products.

8. Long Trail is, and it has been since the 1990's, engaged in the business of selling apparel and other products under the trademark Take a Hike. Since late last century, Long Trail has continuously used the trademark Take a Hike in connection with its apparel, beer and other products.

9. Long Trail has expended and continues to expend a substantial amount of resources using, advancing, and promoting its trademark Take a Hike and the products and services with which it uses the trademark.

10. Long Trail is engaged in a variety of socially and environmentally conscious efforts in the Vermont community and has used its trademark "Take a Hike" in support of those efforts.

11. As a result of the aforementioned activities, the trademark has achieved a high degree of recognition among consumers, especially in Vermont.

12. As a result of Long Trail's efforts and the favorable reputation garnered by Long Trail's products, the trademark Take a Hike has attained substantial goodwill in the marketplace and has become a valuable trade symbol of Long Trail itself, as well as its products and services.

13. Long Trail has used the trademark Take a Hike in interstate commerce to identify and distinguish its products for many years prior to Chowdaheadz's acts complained of in this action.

14. Long Trail was awarded and is the owner of U.S. Federal Trademark Registration No. 3637458 for the trademark Take a Hike! covering apparel, including shirts and t-shirts.

15. Long Trail was awarded and is the owner of U.S. Federal Trademark Registration No. 3440560 for the trademark Take a Hike! covering beer and ale.

16. Long Trail was awarded and is the owner of U.S. Federal Trademark and Service Mark Registration No. 5151101 for the trademark Take a Hike! covering a variety of goods including key fobs, key rings and key chains, novelty license plates, bottle opener-key rings, stickers, bumper stickers, flasks, insulating sleeve holders for bottles and beverage cans, and services including restaurant and bar services. These varied uses of the Long Trail brand "Take a Hike" work together to create a valuable brand image.

17. Long Trail's registrations for the trademark Take a Hike! are valid and subsisting.

18. Registrations Nos. 3637458 and 3440560 are incontestable pursuant to 15 U.S.C. § 1065.

19. As provided by 15 U.S.C. § 1115(b), Registrations Nos. 3637458 and 3440560 are conclusive evidence of the validity of the registered trademark, of Long Trail's ownership of

the trademark as well as Long Trail's exclusive rights to use the trademark in commerce in connection with all of the goods set forth in the registrations, including shirts and t-shirts.

20. By the acts complained of in this action, Chowdaheadz has infringed Long Trail's trademark Take a Hike, engaged in unfair and deceptive practices, and traded on Long Trail's goodwill and reputation, to the irreparable injury and damage of Long Trail.

21. Upon information and belief, Chowdaheadz is engaged in the business of selling apparel and related products.

22. Upon information and belief, Chowdaheadz is marketing, or has an intent to market, beer.

23. Long after Long Trail first used the trademark Take a Hike in interstate commerce to identify and distinguish its products, Chowdaheadz adopted the phrase "Take a Hike" to identify its own apparel.

24. Chowdaheadz sells, offers for sale, distributes, advertises and promotes apparel products in commerce using "Take a Hike". All of the aforesaid conduct of Chowdaheadz has been undertaken without the consent of Long Trail.

25. Chowdaheadz thereby uses in commerce a reproduction, counterfeit, copy, or colorable imitation of Long Trail's registered trademark without the consent of Long Trail.

26. Chowdaheadz's use of "Take a Hike" in connection with its apparel products is likely to cause confusion and mistake and to deceive consumers as to the affiliation, connection, or association of Chowdaheadz with Long Trail, and as to the origin, sponsorship and approval of Chowdaheadz's products.

27. Upon information and belief, adoption by Chowdaheadz of "Take a Hike" was done with at least constructive knowledge of Long Trail's prior adoption and use of the

trademark "Take a Hike". Chowdaheadz's use of "Take a Hike" was done in disregard of Long Trail's trademark rights.

28. By reason of Chowdaheadz's acts herein alleged, Chowdaheadz has been unjustly enriched, and Long Trail is entitled to an accounting for all of Chowdaheadz's profits derived from its unlawful and infringing activities.

29. By reason of Chowdaheadz's acts herein alleged, Long Trail has suffered and is likely to suffer substantial actual damages for injury to its goodwill and reputation, and injury to its relationships with its customers.

30. Chowdaheadz's unlawful acts have caused and, unless enjoined by this Court, will continue to cause irreparable harm, damage loss and injury to Long Trail for which it has no adequate remedy at law.

## COUNT I
### (Infringement of Federally Registered Trademarks)

31. Long Trail realleges and incorporates herein by reference paragraphs 1 through 30 of this Complaint.

32. Chowdaheadz's use of "Take a Hike" as described above is likely to cause confusion, or to cause mistake or to deceive and, therefore, constitutes infringement of Long Trail's federally registered trademarks in violation of 15 U.S.C. § 1114(1).

33. Chowdaheadz's actions are willful within the meaning of 15 U.S.C. § 1117.

34. By reason of Chowdaheadz's acts herein alleged, Long Trail is entitled to recover Chowdaheadz's profits or such sum as the Court shall find to be just, damages sustained by Long Trail, and the costs of this action, as well as a sum in excess of Long Trail's actual damages not exceeding three times such amount, and attorneys' fees pursuant to 15 U.S.C. § 1117.

35. Long Trail has been and will continue to be damaged by Chowdaheadz's wrongful acts unless the Court enjoins such wrongful conduct of Chowdaheadz. Long Trail has no adequate remedy at law for Chowdaheadz's continuing violation of its rights, whereby Long Trail is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
### (False Designation of Origin)

36. Long Trail realleges and incorporates herein by reference paragraphs 1 through 35 of this Complaint.

37. The conduct described above including Chowdaheadz's use of "Take a Hike" in commerce constitutes a false designation of origin, false description and false representation that Chowdaheadz or its apparel products are sponsored by, authorized by, or affiliated with Long Trail. Chowdaheadz's acts are calculated and likely to cause confusion, or mistake and/or deception as to the true origin, source, sponsorship or affiliation of Chowdaheadz's products, to the detriment of Long Trail, and in violation of 15 U.S.C. § 1125(a).

38. By reason of Chowdaheadz's acts herein alleged, Long Trail is entitled to recover Chowdaheadz's profits or such sum as the Court shall find to be just, damages sustained by Long Trail, and the costs of this action, as well as a sum in excess of Long Trail's actual damages not exceeding three times such amount, and attorneys' fees pursuant to 15 U.S.C. § 1117, and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
### (Common Law Unfair Competition)

39. Long Trail realleges and incorporates herein by reference paragraphs 1 through 38.of this Complaint.

40. Chowdaheadz has sold, promoted and offered for sale its products using "Take a Hike" in violation of and with knowledge of Long Trail's prior rights to the trademark "Take a Hike", and is unfairly trading upon Long Trail's goodwill and reputation, and creating the false impression that Chowdaheadz's products are associated in some way with Long Trail.

41. Chowdaheadz's acts constitute unfair competition in violation of the common law of the State of Vermont.

## COUNT IV
### (Common Law Trademark Infringement)

42. Long Trail realleges and incorporates herein by reference paragraphs 1 through 41 of this Complaint.

43. Chowdaheadz's use of "Take a Hike" in connection with its apparel products constitutes infringement of Long Trail's Vermont common law trademark rights in the trademark "Take a Hike".

## PRAYER FOR RELIEF

WHEREFORE, Long Trail requests that it be granted judgment in its favor on all its claims, and be awarded the following relief:

1. An injunction enjoining and restraining Chowdaheadz, its officers, agents, servants, employees, and all other persons in active concert or participation with them, from using "Take a Hike" in connection with the sale or distribution of apparel or related products, and from engaging in any other acts or conduct which cause or are likely to cause confusion, mistake or deception as to the source, origin, affiliation, connection or association of Chowdaheadz's products;

2. An accounting for Chowdaheadz's profits from sale of its "Take a Hike" products;

3. An award of actual damages suffered by Long Trail on account of Chowdaheadz's trademark infringement, unfair competition and false designation of origin, in an amount to be proven at trial, which sum should be increased in an amount not exceeding three times Long Trail's actual damages;

4. An award of pre-judgment interest of the foregoing sums;

5. An award of costs of this action and attorneys' fees pursuant to 15 U.S.C. § 1117;

6. An order pursuant to 15 U.S.C. § 1118 for the destruction of all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Chowdaheadz bearing the infringing trademark "Take a Hike".

7. Such other and further relief as may be just and proper.

## JURY DEMAND

Long Trail demands trial by jury on all issues triable by jury in this action.

Dated at Burlington, Vermont this 11th day of October, 2017.

Respectfully submitted,

LONG TRAIL BREWING COMPANY

By: /s/ Kevin M. Henry

Kevin M. Henry
Primmer Piper Eggleston & Cramer PC
30 Main Street, Suite 500
P.O. Box 1489
Burlington, Vermont 05402-1489
(802) 864-0880
khenry@primmer.com

Of Counsel:
Joseph D. Lewis
Barnes & Thornburg LLP
1717 Pennsylvania Avenue, NW, Suite 500
Washington, DC 20006
jdlewis@btlaw.com
(202) 289-1313